

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| CARRIE JEAN HUFFMAN, | ) |
| AS PERSONAL REPRESENTATIVE | ) |
| OF THE ESTATE OF TERRY | ) |
| TERRELL PETTIWAY, DECEASED, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  4:20-CV-01293-CLM |
| | ) |
| | ) |
| JEFFERSON DUNN; GRANT | ) |
| CULLIVER; EDWARD ELLINGTON; | ) |
| KARLA JONES; DEWAYNE ESTES; | ) |
| GWENDOLYN GIVENS; ANTHONY | ) |
| BROOKS; CEDRIC SPECKS; KEVIN | ) |
| WHITE; GARY MALONE; RUSSELL | ) |
| JONES; PHILLIP DIXON; RAFAEL | ) |
| SANTA-MARIA; ET AL., | ) |
| | ) |
| **Defendants.** | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

1.     **Synopsis of the Case:**

a.     Plaintiff's Contentions:

Plaintiff Carrie Jean Huffman, personal representative of Terry Terrell

Pettiway ("Mr. Pettiway") alleges that Defendants violated Mr. Pettiway's

constitutional rights by their deliberate indifference to the dangerous

conditions as St. Clair Prison.  As a result of Defendants' deliberate

indifference and failure to correct the conditions detailed in Plaintiff's

Complaint, Mr. Pettiway was killed by another inmate on September 2,

2018.  Plaintiff asserts three claims:

> i.   Defendants violated the Eighth Amendment to the
>      Constitution, applicable to Alabama through the Due
>      Process Clause of the Fourteenth Amendment, by depriving
>      Mr. Pettiway of the right to be free from known and
>      unreasonable risk of serious harm while in ADOC custody
>      by failing to take reasonable measures to protect Mr.
>      Pettiway from violence at the hands of other St. Clair
>      Prison inmates;
>
> ii.  Defendants Dixon and each of the Unknown Correctional
>      Officers violated the Eighth Amendment to the Constitution,
>      applicable to Alabama through the Due Process Clause of
>      the Fourteenth Amendment, by depriving Mr. Pettiway of
>      the right to treatment for a serious medical need.  Defendant
>      Dixon and each of the Defendant Unknown Correctional
>      Officers knew of or should have known that Mr. Pettiway
>      was in serious need of medical treatment after being

stabbed, and failed to obtain medical treatment for his injuries;

iii.   Defendants violated Ala. Code § 6-5-410, Alabama's wrongful death statute, by undertaking the wrongful acts, omissions, or negligent conduct that led to Defendants neglecting their duty to protect Mr. Pettiway from known and unreasonable risks of serious harm while incarcerated.

Plaintiff requests the following relief in this action:

1. Judgment in Plaintiff's favor on each of the three counts outlined above;

2. Compensatory damages against each Defendant, jointly and severally, in an amount to be determined;

3. Punitive damages against each Defendant, jointly and severally;

4. Reasonable attorneys' fees and the costs of litigation; and

5. Any other and further relief as the Court may deem just, proper, and equitable.

b.     Defendants' Contentions:

Defendants deny that they refused to perform their duties in compliance with the laws and demand strict proof of Plaintiff's allegations.  Defendants deny that they violated the Eighth Amendment or otherwise deprived Mr. Pettiway of his constitutional rights as an inmate at St. Clair Prison.  Defendants deny that they violated Ala. Code § 6-5-410.   In their official capacity, Defendants are entitled to Eleventh Amendment immunity from Plaintiff's claims for money damages.  In their individual capacity, Defendants are entitled to qualified immunity from Plaintiff's claims under 42 U.S.C. § 1983. Plaintiff's claims against Defendants, including, but not limited to, her claims based on Ala. Code § 6-5-410, are barred by additional doctrines of immunity, including, but not limited to, sovereign immunity, absolute immunity, good faith immunity, discretionary function immunity and state action immunity. Plaintiff's claims also fail to state a claim for supervisory or vicarious liability. Defendants incorporate by reference the defenses asserted in their Answers and their previously filed Motions to Dismiss.

2.     The following persons participated by telephone in a Federal Rule of Civil Procedure 26(f) conference on **December 11, 2020**, and further finalized details of this report via electronic mail:

Laura S. Gibson, Steven M. Bierman, and Julia L. Bensur, representing the

plaintiff, Carrie Huffman as Personal Representative of the Estate of Terry Terrell Pettiway, deceased.

C. Richard Hill, Jr. and Robert F. Northcutt, representing the defendants, Jefferson Dunn, Grantt Culliver, Edward Ellington, Karla Jones, Dewayne Estes, Gwendolyn Givens, Anthony Brooks, Cedric Specks, Kevin White, Gary Malone, Russell Jones, Phillip Dixon, and Rafael Santa-Maria.

3.      **Initial Disclosures.**   The parties will serve the initial disclosures required by Rule 26(a)(1) by **January 22, 2021**. The parties agree to provide copies of all documents identified and/or disclosed pursuant to Rule 26(a)(1) contemporaneous with the disclosures. The parties agree the disclosures may be exchanged electronically via e-mail.

4.      **Discovery Plan.** The parties propose this discovery plan:

(a)      Discovery will be needed on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

(b)      Discovery shall commence **on February 5, 2021** and shall be

completed by no later than **January 21, 2022.** Given the nature of this litigation, it is impossible for counsel to fully anticipate the scope of discovery necessary to prepare this case for trial. The parties agree to confer in good faith regarding any modifications to the discovery plan entered by the Court before requesting any relief from the Court.

(c)    Disclosure or discovery of electronically stored information will be handled as provided by the Federal Rules of Civil Procedure. The parties agree to make best efforts to provide native files with accompanying metadata for electronically stored information. The parties may produce hard copy or documents originally stored in PDF format in PDF format.

(d)    The inadvertent or unintentional disclosure of any attorney-client or otherwise privileged information or work product immunity protected information, shall not be construed to be a waiver, in whole or in part, of the parties' claims of privilege or work product immunity, either as to the specific attorney-client or otherwise privileged information or work product immunity protected information disclosed or as to other related information.

(e)    The parties agree to consent to electronic service of written discovery requests and responses.

(f) Written Discovery:  The parties agree to the following with respect to interrogatories and requests for production of documents (collectively, "written discovery"):

    i.   Service of written discovery: Plaintiff and Defendants may serve on each other one or more Master Sets of Interrogatories and Requests for Production with, in the aggregate, no more than 35 written interrogatories, including subparts, and 60 requests for production, including subparts.  Plaintiff may serve an additional 15 individualized interrogatories and 15 requests for production on each Defendant.  Subject to applicable objections, Defendants' responses to any such Master written discovery shall include all responsive materials and information, as applicable, in the possession, custody or control of any of the individual Defendants or the Alabama Department of Corrections (the "ADOC"). Defendants' responses to the Master Set Interrogatories shall be verified by Defendant Dunn, but the Defendants' responses to the Master Discovery shall be binding on, and may be used against, any or all Defendants. Defendants shall not object to any of the Master discovery requests on the basis that the Defendants do not have possession, custody, or control of the requested documents or information if such documents

or information are in the possession, custody, or control of the ADOC. Notwithstanding the above, no party waives any other grounds for objections to discovery requests allowed by the rules of procedure. The parties agree that, with respect to responding to requests for production, they will use best efforts to produce copies of the documents contemporaneous with the responses.  Either party may seek additional discovery for good cause shown, first by participating in a meet and confer to reach an agreement, and then, if necessary, by seeking leave of Court.

ii.    Time to Respond to Written Discovery: The parties shall respond to written discovery within sixty (60) days after service, which time to respond presumptively shall not be extended in the absence of extraordinary circumstances.

(g)   Depositions:  Absent agreement of the parties or leave of Court, each side may take a maximum of fifteen (15) non-party, fact witness depositions.  Depositions of parties and expert witnesses shall not count against this limit.  Absent good cause, no document may be used in a deposition that has not been produced to opposing counsel at least seven (7) days in advance of the deposition, provided that this requirement shall not provide a basis for any witness to refuse to

8

answer questions in a deposition. Additionally, the parties will confer in good faith before requesting that the Court allow additional depositions. Absent agreement of the parties or leave of Court, each deposition shall be limited to a maximum of one day of seven (7) hours, excluding break time.

(h)   If a dispute regarding discovery should arise, the parties will confer, take steps to resolve the dispute, and then seek leave to file a motion in accordance with the procedure set forth in Judge Maze's Initial Order.

(i)   Experts:  Disclosures required under Rule 26(a)(2) shall be served on the following dates:

a.   From Plaintiff: **December 6, 2021.**

b.   From Defendants: **January 17, 2022.**

Rebuttal reports, if any: **February 18, 2022.**

(j)   Each party shall provide timely supplementation to discovery responses as required by the Federal Rules of Civil Procedure.

(k)   The parties agree to service by email, hand-delivery, or U.S. Mail for pleadings and discovery in this matter.

(l)   Third-party subpoenas will be handled according to the Federal Rules of Civil Procedure.

9

(m)    Any party that intends to withhold documents and/or information on confidentiality or privacy grounds, or object to the production of such information by third parties on such grounds, must seek entry of a protective order relating to that information prior to the deadline to produce the information in question.

(n)    The parties agree that any documents or information withheld or redacted on the basis of any privilege or statute will be identified on a privilege log that complies with Rule 26(a)(5)(A), provided that no party is required to reveal information on the privilege log that is itself privileged or protected or would cause a violation of state or federal law.   The parties agree to confer in good faith in an effort to resolve any disagreements before seeking Court intervention.

5.    **Other Items:**

(a)    The parties suggest a pretrial conference on or about **April 22, 2022.**

(b)    The parties suggest that the deadline to amend pleadings or join parties without leave of Court be on or before **May 31, 2021**, to which date Plaintiff agrees subject to Defendants providing discovery and information no later than April 30, 2021 sufficient to identify each of the Unknown Shift Commanders and the Unknown Correctional Officers as pled in the First Amended Complaint.   After that date, in

10

the event that discovery reveals the need for a party to amend their pleadings, the parties agree that such an amendment shall be permitted if the amended pleading is filed within fourteen (14) days of learning of the need to amend. In the event that any amendment requires reopening the deposition, the parties agree to reopen the deposition for the limited purpose of addressing the amendment and the time applicable to the reopened deposition will be proportional to the scope of the amendment. In any event, the amendment of the pleadings shall be completed no later than sixty (60) days before the close of discovery.

(c)     The parties suggest as a deadline for the filing of dispositive motions: **on or before February 28, 2022**.   For any summary judgment motion, the parties shall conform to the filing responsibilities and deadlines set forth in Appendix II of Judge Maze's Initial Order.

(d)     The prospects for settlement are unknown as of this point.

(e)     Alternative dispute resolution procedures may enhance settlement prospects at an appropriate juncture.

(f)     The parties suggest that the deadline for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be **February 18, 2022**.

11

(g)     The parties suggest that objections to Rule 26(a)(3) filings shall be made by not later than **March 19, 2022.**

(h)     The parties suggest a trial setting in the term of court beginning on **May 9, 2022**. The parties estimate that trial will take 6-9 days.


*C. Richard Hill, Jr. has the express consent of all other counsel to affix their electronic signatures to this document so that it may be jointly filed.*

Respectfully submitted this 7th day of January 2021.

/s/C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
ROBERT F. NORTHCUTT (NOR15)
JAMES N. WALTER, JR. (WAL021)
WILLIAM J. BRITTON (BRI077)
*Attorneys for Defendants*


OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile:(334) 241-8243
Email:  rick.hill@chlaw.com
          bob.northcutt@chlaw.com
          jimmy.walter@chlaw.com
          jackson.britton@chlaw.com

12

/s/ Laura S. Gibson
LAURA S. GIBSON
Alabama Bar No. 8271-O74L
*Counsel for Plaintiff*

OF COUNSEL:
**WHITE ARNOLD & DOWD P.C.**
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Telephone: (205) 323-1888
Email:  lgibson@whitearnolddowd.com

/s/ Steven M. Bierman
STEVEN M. BIERMAN (pro hac vice)
JULIA L. BENSUR (pro hac vice)
BRIAN EARL (pro hac vice)
LESLIE KUHN-THAYER (pro hac vice)
ZACHARY PAYNE-MEILI (pro hac vice)
*Counsel for Plaintiff*

OF COUNSEL:
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY  10019
sbierman@sidley.com
jbensur@sidley.com
bearl@sidley.com
lkuhntha@sidley.com
zpayne@sidley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

Ellen Spano
2 Woodhill Drive
Maplewood, NJ  07040
Espano7@gmail.com

Gregory Kendall Smith
208 S. Akard Street, Office 3042
Dallas, TX  75202
gregoryksmith@att.com

/s/ C. Richard Hill, Jr.
Of Counsel